UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANLEY WEATHERSBY (#117605)

VERSUS                                          CIVIL ACTION

STATE OF LOUISIANA, ET AL              NUMBER 11-203-BAJ-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 31, 2011.

                                 **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANLEY WEATHERSBY (#117605)

VERSUS                                        CIVIL ACTION

STATE OF LOUISIANA, ET AL              NUMBER 11-203-BAJ-DLD

MAGISTRATE JUDGE'S REPORT

Pro se petitioner Stanley Weathersby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application alleged that he was released from custody as a result of diminution of sentence subject to the same supervision requirements as if released on parole. Petitioner argued that he should not be subject to supervision as if on parole.

Based upon the allegations, it is clear that the petitioner is not attacking either his conviction or the sentence. Instead, the petitioner is challenging the execution of his sentence by prison personnel. As such, the petitioner's complaint should be properly considered as a habeas corpus application under 28 U.S.C. § 2241. *See, Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000).

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th

Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A district court may notice on its own motion a petitioner's failure to exhaust state remedies. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc). A review of the petitioner's habeas corpus application showed that the petitioner did not present this claim to any state court.

Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*. The Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the Supreme Court would entertain, *see Richardson*, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.

Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation. *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).

It is clear on the face of the complaint that the petitioner has failed to exhaust available state remedies. Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state remedies.

Signed in Baton Rouge, Louisiana, on May 31, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**